UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JD, LLC | § | C.A. No. 4:16-cv-00358-ALM |
| | § | |
| V. | § | |
| | § | |
| FORETRAVEL, INC., ET AL | § | |

## PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff JD, LLC, and, for its Motion to Remand this case to the 431st District Court of Denton County, Texas, would respectfully show:

## I. INTRODUCTION AND UNDISPUTED FACTUAL BACKGROUND

On April 27, 2016, Plaintiff JD, LLC commenced an action against all three defendants herein in the 431st District Court of Denton County, Texas entitled, *JD, LLC v. Foretravel, Inc., et al,* pending as Cause No. 16–03292–431, alleging breach of contract and breach of warranty regarding the sale of a recreational vehicle. Plaintiff's original petition in said suit names three defendants:

1.  Defendant Foretravel, Inc., which by its own admission (D.E. 1, p. 3 at ¶9) "was, at the time of the filing of this action, and is still, a corporate entity incorporated under the laws of the State of Texas. Defendant Foretravel, Inc. has its principal place of business in Nacogdoches, Texas."

2.  Defendant Foretravel of Texas, Inc., which by its own admission (D.E. 1, p.3 at ¶10), "was, at the time of the filing of this action, and is still, a corporate entity incorporated under the laws of the State of Texas. Defendant Foretravel of Texas, Inc. has its principal place of business in Nacogdoches, Texas" and

3.  Defendant Lyle Reed, which by his own admission (D.E. 1, p. 3 at ¶11) "was, at the time of the filing of this action, and is still, a citizen residing in the State of Texas."

As shown in Defendants' removal notice, Plaintiff served Defendants Foretravel, Inc. and Foretravel of Texas, Inc. with its Original Petition in state court on May 2, 2016. Plaintiff also served Defendant Lyle Reed with the Petition on May 8, 2016.  D.E. 1 at p. 2, ¶4.

Plaintiff JD, LLC is a corporate entity incorporated in Montana; it is the only Plaintiff in these proceedings.

On May 27, 2016, all three defendants joined in a removal of this case to this Court, alleging, "The court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1332 because it involves parties with diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs" and because "complete diversity of citizenship exists between Plaintiff JD, LLC and Defendants."  D.E. 1.

As shown herein, however, this case must be remanded to the 431ˢᵗ District Court of Denton County, Texas, and Defendants required to pay Plaintiff's reasonable attorney's fees and any taxable costs of court incurred in connection with this improper removal, because, even if complete diversity of citizenship exists, Defendants **cannot** remove a case to federal court if **any** of the parties properly "joined and served" as a defendant is a citizen of the state in which the case was filed. 28 U.S.C. §1441(b).

## II.  ARGUMENT AND AUTHORITIES

### A.      Standards governing motion to remand

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993).  Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root,*

*Inc.,* 200 F.3d 335, 339 (5th Cir.2000); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.§1447( c).

### B.    Application of law to facts

The jurisdictional facts are all undisputed.  Plaintiff is a Montana company that elected to bring this lawsuit in a Texas state court and, as shown above, all three defendants are admittedly citizens and/or residents of the State of Texas. Under 28 U.S.C. §1441(b), because all of the Defendants are undisputedly Texas citizens, Defendants cannot remove the case to this Court on the basis of diversity jurisdiction. Section 1441(b) states as follows:

> (b)    Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. ***Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.***

28 U.S.C. §1441(b) (emphasis added).  This is the "forum-defendant" rule in which where jurisdiction rests on diversity of citizenship, an action is not removable if any defendant is a citizen of the state in which the action is brought: "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, ***and no defendant is a citizen of the forum State***." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)(emphasis added); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. §1441(a), ***provided that no defendant 'is a citizen of the State in which such action is***

***brought***,' §1441(b).)(emphasis added);  *Coury v. Prot,* 85 F.3d 244, 252 (5th Cir.1996) (a ". . . defendant may not remove a state action to federal court if a defendant is a citizen of the state in which the action is filed"); *Williams v. AC Spark Plugs Div. of General Motors Corp.,* 985 F.2d 783, 786 (5th Cir. 1993) ("28 U.S.C. §1441(b) ... prohibits removal if any defendant is a citizen of the state in which the action was brought"); *Grizzly Mountain Aviation, Inc. v. McTurbine, Inc.*, 619 F.Supp.2d 282, 286 (S.D. Tex. 2008)(*id.*);  14B FED. PRAC. & PROC. JURIS. § 3723 (4ᵗʰ ed.) "Removal Based on Diversity and Alienage Jurisdiction" ("For example, suppose a Texas plaintiff sues a California defendant for $80,000 in a California state court. The defendant cannot remove, even though the Texas plaintiff could have brought the same suit in a California federal district court on the basis of diversity of citizenship jurisdiction.").  "Diversity jurisdiction was designed to protect out-of-state defendants from possible prejudices in state court, but the forum-defendant rule exists because those concerns are obviated in cases where the defendant is a citizen of the state in which the case is brought. *See Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 553 (2005); *Henderson v. Proctor & Gamble Mfg.*, 2011 WL 5289422, at *1 (W.D. La. Nov. 1, 2011).

Plaintiff filed this case in a Texas state court, and given the undisputed Texas citizenship and residency of all three Defendants, they may not remove the case to this Court.

## III.  WRONGFUL REMOVAL

As shown above, the underlying jurisdictional facts are undisputed and the law is clear this case cannot be removed by virtue of a federal statute– 28 U.S.C. §1441(b)– which sets forth the forum-defendant rule. Defendants' improvident removal lacks any objectively reasonable basis. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). Absent unusual circumstances,

4

"courts may award attorney fees under the attorney fee provision of the removal statute" where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005); *Howard v. St. Germain,* 599 F.3d 455, 457 (5th Cir.2010) (per curiam); *American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012); 28 U.S.C. §1447. When a party's victory is *de minimis* or technical, the court can award low fees or no fees without making a lodestar calculation or addressing the *Johnson* factors bearing on reasonableness. *Merrick v. Scott*, 2011 WL 1938188, at *2 (N.D. Tex. May 20, 2011).

Given the clear-cut legal impediment to removal of this case, Plaintiff hereby seeks a nominal award of $500 and any taxable costs of court to cover Plaintiff's cost(s) in responding to the Defendants' improvident removal and in seeking a remand.

## IV.  CONCLUSION

As shown herein, this case must be remanded to the 431st District Court of Denton County, Texas, and Defendants required to pay Plaintiff's reasonable attorney's fees of $500 incurred in connection with this improper removal, because, even if complete diversity of citizenship exists, no defendant may remove a case to federal court if any of the parties properly joined and served as a defendant is a citizen of the state in which the case was filed. 28 U.S.C. §1441(b).  This case is not removable and this Court thus lacks jurisdiction to proceed.

Plaintiff prays that this Honorable Court grant its motion to remand, remand this suit to the state court in which it was initially filed, and award Plaintiff's costs, expenses and attorney's fees under 28 U.S.C. §1447(c).  Plaintiff prays for all further relief to which it may be justly entitled.

5

Respectfully submitted,

*/s/ Eric J. Rhine*
Eric J. Rhine
Texas State Bar No. 24060485
Federal ID No. 1786163
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:    504.653.5600
Facsimile:    504.653.5656
Email:        erhine@spaglaw.com

**OF COUNSEL:**

SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:    504.653.5600
Facsimile:    504.653.5656

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff has conferred with counsel for Defendants who is opposed to this Motion.

*/s/ Eric J. Rhine*
Eric J. Rhine

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing was on this date automatically accomplished on all counsel of record through the CM/ECF Notice of Electronic Filing, in accordance with the Federal Rules of Civil Procedure, on this 2nd day of June, 2016.

*/s/ Eric J. Rhine*
Eric J. Rhine

6