UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JD, LLC | § | C.A. No. 4:16-cv-00358-ALM |
| | § | |
| V. | § | |
| | § | |
| FORETRAVEL, INC., ET AL | § | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff JD, LLC, and, for its Reply in support of its Motion to Remand (D.E. 7), would respectfully show:

Defendants have provided this Court no legal basis for the denial of Plaintiff's Motion to Remand. Defendants, in an attempt to sidetrack this Court from their improper removal of the lawsuit from state court have now filed a Motion to Consolidate, containing extraneous issues that have no bearing on whether or not removal was proper and this Court lacks jurisdiction.

The law on this issue is absolute. When a party removes a suit to federal court on diversity grounds under 28 U.S.C. § 1332, the removing party must demonstrate that each element of § 1332 is met. Furthermore, an action removable solely on the basis of diversity jurisdiction "**may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought**." 28 U.S.C. § 1441(b)(2). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002) (noting that any questions or ambiguities "should be strictly construed in favor of remand").

This Court lacks jurisdiction to hear the lawsuit. The Defendants have provided no legal authority for their position that removal was proper. All three Defendants in this lawsuit are citizens of the State of Texas. The lawsuit was brought in Texas state court, which means it "may not be removed." 28 U.S.C. § 1441(b)(2). Discussing another lawsuit, with different plaintiffs, different defendants[1], different causes of action[2], and different damages, that is about to proceed to trial on the claims made in that lawsuit, has absolutely no bearing on whether or not Defendants' removal of *this* lawsuit was proper.

A plaintiff is legally entitled to bring a lawsuit in any court that has jurisdiction over its claims. Plaintiff here, JD, LLC, chose to bring this lawsuit in a court of proper venue and jurisdiction. Simply because the Defendants do not like Plaintiff's filing in state court does not give them carte blanche to remove the lawsuit to federal court, allege gamesmanship, and try to consolidate this case with a different, long-pending proceeding. The only gamesmanship in this lawsuit has been Defendants refusal to follow the unambiguous law related to proper removal of a lawsuit.

---

[1] Foretravel, Inc. is the only party that appears in both lawsuits. The plaintiffs in each lawsuit are different, and this breach of contract lawsuit adds two additional defendants that are not present in the other case, Foretravel of Texas, Inc. and Lyle Reed.

[2] JD, LLC brings a breach of contract and breach of warranty claim against Defendants. In the other lawsuit, John Disalvatore brings negligence, gross negligence, DTPA, assault, breach of contract, conversion, strict products liability/manufacturing defect, strict products liability/design defect, and strict products liability/failure to warn claims against one defendant. It was only after discovery was conducted and a motion for summary judgment was filed in the other case that alleged John Disalvatore lacked standing to bring a breach of contract claim that Plaintiff here filed its breach of contract claim in state court.

2

## CONCLUSION

As shown in Plaintiff's Motion to Remand, this case must be remanded to the 431st Judicial District Court of Denton County, Texas. Even if complete diversity of citizenship exists, no defendant may remove a case to federal court if any of the parties properly joined and served as a defendant is a citizen of the state in which the case was filed. 28 U.S.C. §1441(b). This case is not removable and this Court thus lacks jurisdiction to proceed or to grant Defendants' Motion to Consolidate.

Plaintiff prays that this Honorable Court grant its Motion to Remand, remand this suit to the state court in which it was initially filed, and award Plaintiff costs, expenses and attorney's fees under 28 U.S.C. §1447(c). Plaintiff prays for all further relief to which it may be justly entitled.

    Respectfully submitted,

*/s/ Eric J. Rhine*
Eric J. Rhine
Texas State Bar No. 24060485
Federal ID No. 1786163
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:    504.653.5600
Facsimile:    504.653.5656
Email:    erhine@spaglaw.com

**OF COUNSEL:**

SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:    504.653.5600
Facsimile:    504.653.5656

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of the foregoing was on this date automatically accomplished on all counsel of record through the CM/ECF Notice of Electronic Filing, in accordance with the Federal Rules of Civil Procedure, on this 3rd day of June, 2016.

                                */s/ Eric J. Rhine*
                                Eric J. Rhine