# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JD, LLC | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:16CV358 |
| | § | Judge Mazzant |
| | § | |
| FORETRAVEL, INC., ET AL | | |

## <u>ORDER OF REMAND</u>

Pending before the Court is Plaintiff's Motion to Remand (Dkt. #7). Having considered the relevant pleadings, the Court is of the opinion that the motion to remand should be granted.

On April 27, 2016, Plaintiff JD, LLC commenced an action against Defendants Foretravel, Inc., Foretravel of Texas, Inc. and Lyle Reed in the 431st District Court of Denton County, Texas, entitled "*JD, LLC v. Foretravel, Inc., et al.*" pending as Cause No. 16-03292-431, alleging breach of contract/breach of warranty regarding the sale of a recreational vehicle as the sole cause of action. Defendants then removed this case to this Court, asserting that removal was proper based upon diversity of citizenship. On June 2, 2016, Plaintiff filed a motion to remand. Defendants filed a response on June 2, 2016 (Dkt. #9). Plaintiff filed a reply on June 3, 2016 (Dkt. #10). Plaintiff asserts that Defendants violated the "no forum defendant rule" because Defendants are citizens of Texas.

Title 28, section 1441 of the U.S.C., the general removal statute, allows a defendant to remove a case to the federal district court for the district and division within which the action is pending, provided that the district court possesses original jurisdiction. 28 U.S.C. § 1441(a).

A state court lawsuit is removable to federal court if it includes a claim arising under federal law. 28 U.S.C. §§ 1441 and 1331. Whether federal question jurisdiction exists in a removal action

is based on the allegations in a plaintiff's "well-pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well pleaded complaint rule, federal question jurisdiction depends on whether "there appears on the face of the complaint some substantial, disputed question of federal law." *Baron v. Strassner*, 7 F. Supp. 2d 871, 873 (S.D. Tex. 1998) (citation omitted). "It is well settled that the party who brings the suit is the master of what law he will rely upon." *Id.*

A federal district court possesses original jurisdiction if the parties could have initially filed in federal court pursuant to 28 U.S.C. §§ 1331-1334. Title 28, section 1332(a) of the U.S.C. confers jurisdiction on district courts over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For jurisdiction to exist under section 1332, diversity must be complete in that no plaintiff and no defendant may be citizens of the same state. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). As a general rule, the burden of proving that federal jurisdiction exists falls on the removing party. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Section 1446 establishes the procedures by which a defendant may remove a suit filed in state court to federal court. *See* 28 U.S.C. § 1446. A notice of removal must normally be filed within thirty (30) days after the defendant receives the initial pleading setting forth the claim for relief upon which the action is based, or within thirty (30) days of service of summons if the state's rules of procedure do not require the defendant to be served, whichever period is shorter. 28 U.S.C. § 1446(b). Similarly, 28 U.S.C. § 1447 establishes the procedures following removal. Specifically, section 1447 provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal...." 28 U.S.C. § 1447(c). In contrast, if a court finds that it lacks subject matter jurisdiction,

the court must remand the case, even if the thirty (30) days have passed. *Id.*

Plaintiff argues that removal was inappropriate under the forum defendant rule, as Defendants are citizens of the State of Texas.

Section 1441(b) provides that any civil action over which district courts have original jurisdiction solely through section 1332, diversity of citizenship, is not removable if a defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). This is often referred to as the "forum defendant rule." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009). The Fifth Circuit has determined that this rule is procedural and not jurisdictional. *See id.* at 392. Accordingly, the forum defendant rule can be waived if a party does not object to removal within the requisite thirty (30) days. *Id.* at 395; *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991); *see* 28 U.S.C. § 1446(b).

Plaintiff JD, LLC is a corporate entity incorporated under the laws of the State of Montana. The owner, and sole member, of JD, LLC is John DiSalvatore, who is a citizen of the State of Florida. In this case, the Defendants are citizens of Texas. Defendant Foretravel, Inc. is a corporate entity incorporated under the laws of the State of Texas with its principal place of business in Nacogdoches, Texas. Defendant Foretravel of Texas, Inc. is a corporate entity incorporated under the laws of the State of Texas with its principal place of business in Nacogdoches, Texas. Defendant Lyle Reed is a citizen of the State of Texas.

There is no question or dispute that the parties are diverse. However, removal of this case violates section 1441(b), and Plaintiff timely filed a motion to remand. Defendants fail to respond

to this argument that they violated the forum defendant rule.[1]  Moreover, there are no federal claims contained in Plaintiff's state court pleadings.  Therefore, this case should be remanded.

Plaintiff also seeks all costs and expenses related to the motion to remand, including attorney's fees.  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees."  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).  In applying section 1447(c), the Court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper."  *Id.* at 293.

The Court determines that an award of fees and costs is appropriate in this case because it believes that Defendants had no objectively reasonable basis for removal.  The Court and Plaintiff have expended unnecessary time and effort on a matter that should have never been before the Court. Therefore, Plaintiff's request for costs and attorney's fees should be granted, and Plaintiff should recover from Defendants its costs and reasonable attorney's fees incurred in successfully having this case remanded to state court. Plaintiff seeks only $500 incurred in filing the motion to remand, which the Court finds is more than reasonable.

## CONCLUSION

Based upon the findings and legal analysis discussed above, the Court **ORDERS** that

---

[1]  Defendants' response to the motion to remand asserts that the motion to remand "is an obvious attempt to avoid consolidation and as a pitiful attempt to get a 'do over' on a case it has failed to pursue over the last two (2) years."  Although there is another action pending in the Eastern District with similar parties and claims, this issue of consolidation is not properly before this Court.  This current case was not properly removed and the Court has no choice but to remand it back to state court.

Plaintiff's Motion to Remand (Dkt. #7) is **GRANTED,** and the case is **REMANDED** to  431st District Court of Denton County, Texas.

It is further **ORDERED** that Defendants and/or Defendants' counsel shall pay $500 to Plaintiff's counsel within seven (7) days for improperly removing this case.

**SIGNED this 8th day of June, 2016.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE